UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EDWARD SANTIAGO, JR., an infant over the age of fourteen (14) years, by his guardian, CINDY V. OTERO, and ANGEL SANTIAGO, an infant over the age of fourteen (14) years, by his guardian, MANUEL ALMEYDA,

                          Plaintiffs,

- against -

THE CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 6 MAY 2009

09 Civ. 1805 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs, originally both citizens of the state of New York, brought this action against Defendant, a New York religious corporation, in the Supreme Court of the State of New York, Bronx County, on August 6, 2007. On February 3, 2009, Plaintiff filed an amended complaint in the same court, stating that one of the Plaintiffs, Edward Santiago, Jr., was now a resident of New Jersey, while Angel Santiago was still a resident of New York. On February 25, 2009, Defendant requested that the action be removed from state court to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

Defendant's request for removal fails on several fronts. First, 28 U.S.C. § 1441, the federal removal statute, permits removal in a case based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89-90 (2005); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). This basic principle of civil

1

procedure prevents this Court from asserting jurisdiction over the present action. Defendant, as a corporation based in New York, may not remove this case based on diversity, as it seeks to do here.

Second, even if Defendant could properly remove based on diversity, it is time-barred from doing so. While 28 U.S.C. § 1446 states that a party may remove a case within 30 days after receipt of an amended complaint which creates diversity jurisdiction, the statute also contains an exception "that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Plaintiffs filed their original complaint on August 6, 2007. Defendant bases its request for removal on an amended complaint filed on February 3, 2009. More than 1 year has passed since the "commencement of the action" on August 6, 2007, and, pursuant to 28 U.S.C. § 1446(b), Defendant may no longer remove the case to federal court.

Finally, Defendant may not remove this case because there is not complete diversity between all plaintiffs and all defendants, as required by 28 U.S.C. § 1332(a)(1). See Roche, 546 U.S. at 89 ("[W]e have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants.") (citing Lewis, 519 U.S. at 68). Even if one of the Plaintiffs in this case is now diverse from the Defendant, the other Plaintiff is still a resident of New York. There is not complete diversity between the parties.

Because this action may not be removed pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b), or 1446(b), the matter is REMANDED to the Supreme Court of the State of New York, Bronx County. The Clerk of the Court is directed to terminate this matter.

New York, N.Y.
May 6, 2009

So ordered

Paul Crotty
USDJ